Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
REFUGIO PINEDO HUIZAR

E-FILING

FILED
JAN 15 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO/OAKLAND DIVISION

REFUGIO PINEDO HUIZAR,

   Plaintiff,

v.

NCO FINANCIAL SYSTEMS, INC., a
Pennsylvania corporation,

   Defendant.

Case No. C08 00256 SI

COMPLAINT

DEMAND FOR JURY TRIAL

15 United States Code § 1692 *et seq.*
California Civil Code § 1788 *et seq.*
47 United States Code § 227

Plaintiff, REFUGIO PINEDO HUIZAR (hereinafter "Plaintiff"), based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or his attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

**I. INTRODUCTION**

1.   This is an action for statutory damages, attorney fees and costs brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq.* (hereinafter "RFDCPA") which prohibit debt collectors from engaging in abusive, deceptive and unfair practices. Plaintiff also seeks statutory damages for Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter "TCPA") which prohibits the use of an any automatic telephone dialing system, or artificial or prerecorded voices in calls to telephone numbers assigned to a cellular telephone service.

-1-
COMPLAINT

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## III. VENUE

4. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that the Defendant transacts business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

## IV. INTRADISTRICT ASSIGNMENT

5. This lawsuit should be assigned to the San Francisco/Oakland Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in San Mateo County.

## V. PARTIES

6. Plaintiff, REFUGIO PINEDO HUIZAR (hereinafter "Plaintiff"), is a natural person residing in San Mateo County, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

7. Defendant, NCO FINANCIAL SYSTEMS, INC., (hereinafter "NCO"), is a Pennsylvania corporation engaged in the business of collecting debts in this state with its principal place of business located at: 507 Prudential Road, Horsham, Pennsylvania 19044-2308. NCO may be served at: NCO Financial Systems, Inc., c/o CT Corporation System, 818 West 7th Street, Los Angeles, California 90017-3407. The principal purpose of NCO is the collection of debts using the mails and telephone, and NCO regularly attempts to collect debts alleged to be due another. NCO is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

///

## VI. FACTUAL ALLEGATIONS

8. On a date or dates unknown to Plaintiff, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes, namely a consumer credit account issued by Capital One Bank and bearing the account number XXXX-XXXX-XXXX-9425 (hereinafter "the debt"). The financial obligation owed to Capital One Bank by Plaintiff is a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

9. Sometime thereafter on a date unknown to Plaintiff, the debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff.

10. Thereafter, Defendant sent a collection letter (Exhibit "1") to Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

11. A true and accurate copy of the collection letter from Defendant to Plaintiff is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

12. The collection letter (Exhibit "1") is dated January 24, 2007.

13. The collection letter (Exhibit "1") was Defendant's first written notice initially addressed to Plaintiff in connection with collecting the debt.

14. Thereafter, Defendant made several telephone calls to Plaintiff's cellular telephone which were each a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

15. At no time during the transaction that resulted in the debt owed to Capital One Bank did Plaintiff voluntarily provide either Capital One Bank or Defendant with his cellular telephone number or consent to receiving collection calls on his cellular telephone.

16. On or about March 16, 2007, Defendant recorded the following automated message on Plaintiff's cellular telephone voice mail:

> Hello. This message is in regards to an important personal business matter. Please return our call at 888-579-0626. We are available Monday through Thursday, 8 a.m. to 11 p.m., Friday, 8 a.m. to 10 p.m., Saturday, 8 a.m. to 5 p.m., and Sunday, 11 a.m. to 7 p.m., Eastern time. Again, please return this important call as soon as possible at 888-579-0626. Thank you.

17. On or about March 19, 2007, Defendant recorded the following automated

1  message on Plaintiff's cellular telephone voice mail:

> Hello. This message is in regards to an important personal business matter. Please return our call at 888-579-0626. We are available Monday through Thursday, 8 a.m. to 11 p.m., Friday, 8 a.m. to 10 p.m., Saturday, 8 a.m. to 5 p.m., and Sunday, 11 a.m. to 7 p.m., Eastern time. Again, please return this important call as soon as possible at 888-579-0626. Thank you.

18. On or about March 20, 2007, Defendant recorded the following automated message on Plaintiff's cellular telephone voice mail:

> Hello. This message is in regards to an important personal business matter. Please return our call at 888-579-0626. We are available Monday through Thursday, 8 a.m. to 11 p.m., Friday, 8 a.m. to 10 p.m., Saturday, 8 a.m. to 5 p.m., and Sunday, 11 a.m. to 7 p.m., Eastern time. Again, please return this important call as soon as possible at 888-579-0626. Thank you.

19. Defendant's cellular telephone voice mail messages were created with the use of an artificial or prerecorded voice, in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

20. Defendant's cellular telephone voice mail messages were created with the use of an automatic telephone dialing system, in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

21. Defendant's cellular telephone voice mail messages were each a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

22. Defendant failed to disclose Defendant's identity and the nature of Defendant's business in each of the cellular telephone voice mail messages, in violation of 15 U.S.C. § 1692d(6) and Cal. Civil Code § 1788.11(b). See *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F. Supp. 2d 1104, 1112, 1118 (C.D. Cal. 2005).

23. Defendant failed to disclose that each of the cellular telephone voice mail messages was a communication from a debt collector, in violation of 15 U.S.C. § 1692e(11). See *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F. Supp. 2d 1104, 1116 (C.D. Cal. 2005); *Foti v. NCO Financial Systems, Inc.*, 424 F. Supp. 2d 643, 669 (S.D.N.Y. 2006).

## VII. CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff brings the first claim for relief against Defendant under the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

25. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1

through 22 above.

26. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

27. Defendant, NCO, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

28. The financial obligation owed to Capital One Bank by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

29. Defendant's cellular telephone voice mail messages described above violate the FDCPA. The violations include, but are not limited to, the following:

    a. Defendant failed to disclose Defendant's identity and the nature of Defendant's business, in violation of 15 U.S.C. § 1692d(6);

    b. Defendant failed to disclose that the communications were from a debt collector, in violation of 15 U.S.C. § 1692e(11).

30. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the debt.

31. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

32. Plaintiff brings the second claim for relief against Defendant under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

33. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 30 above.

34. Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

35. Defendant, NCO, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

36. The financial obligation owed to Capital One Bank by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

37. Defendant's cellular telephone voice mail messages described above violate the RFDCPA. The violations include, but are not limited to, the following:

   a. Defendant failed to disclose Defendant's identity and the nature of Defendant's business, in violation of 15 U.S.C. § 1692d(6), as incorporated by Cal. Civil Code § 1788.17 and Cal. Civil Code § 1788.11(b);

   b. Defendant failed to disclose that the communications were from a debt collector, in violation of 15 U.S.C. § 1692e(11), as incorporated by Cal. Civil Code § 1788.17.

38. Defendant's acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the debt, within the meaning of Cal. Civil Code § 1788.30(b).

39. As a result of Defendant's willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b).

40. As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code § 1788.17.

41. As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to Cal. Civil Code § 1788.30(c) and 15 U.S.C. § 1692k(a)(3), as incorporated by Cal. Civil Code § 1788.17.

42. Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that Plaintiff may have under any other provision of law.

**TELEPHONE CONSUMER PROTECTION ACT**

43. Plaintiff brings the third claim for relief against Defendant under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

44. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1

through 41 above.

45. Plaintiff is informed and believes and thereupon alleges that, Defendant dialed the telephone number of Plaintiff's cellular telephone using an "automatic telephone dialing system" as defined by 47 U.S.C. § 227(a)(1).

46. Plaintiff is informed and believes and thereupon alleges that, Defendant placed at least three telephone calls to Plaintiff's cellular telephone using any automatic telephone dialing system, in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

47. Defendant placed automated or prerecorded messages on Plaintiff's cellular telephone voice mail, in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

48. Pursuant to 47 U.S.C. §227(b)(3) Plaintiff is entitled to bring an action to enjoin further violations of 47 U.S.C. §227(b)(1)(A)(iii) and to receive the greater of $500 or actual damages for each violation.

49. Plaintiff is informed and believes and thereupon alleges that, Defendant's acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the debt.

50. Plaintiff is informed and believes and thereupon alleges that, Defendant willfully or knowingly violated 47 U.S.C. §227(b)(1)(A)(iii) and therefore should be required to pay three (3) times the amount of available statutory damages pursuant to 47 U.S.C. §227(b)(3)(B).

## VIII. REQUEST FOR RELIEF

Plaintiff requests that this Court:

a. Assume jurisdiction in this proceeding;

b. Declare that Defendant's cellular telephone voice mail messages violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d(6) and 1692e(11);

c. Declare that Defendant's cellular telephone voice mail messages violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.11(b) and 1788.17;

d. Declare that Defendant's cellular telephone voice mail messages violated the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A)(iii);

1  e.  Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to
2      15 U.S.C. § 1692k(a)(2)(A);
3  f.  Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than
4      $1,000 pursuant to Cal. Civil Code § 1788.30(b);
5  g.  Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to
6      15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code §1788.17;
7  h.  Award Plaintiff $500 in statutory damages for each violation of the TCPA, pursuant
8      to 47 U.S.C. § 227(3)(B);
9  i.  Award Plaintiff an amount equal to three times the statutory damages awarded under
10     47 U.S.C. § 227(3)(B), for Defendant's willful and knowing violations of the TCPA;
11 j.  Enter an Order enjoining Defendant from using an "automatic telephone dialing
12     system" to place debt collection calls to consumers' cellular telephones without their
13     express consent or permission;
14 k.  Enter an Order enjoining Defendant from placing automated or prerecorded
15     messages on cellular telephone voice mail systems without the express consent or
16     permission of the consumer;
17 l.  Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15
18     U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17 and 1788.30(c) and Cal. Code
19     of Civil Procedure § 1021.5;
20 m.  Award Plaintiff such other and further relief as may be just and proper.

CONSUMER LAW CENTER, INC.

By: /s/ Fred W. Schwinn
    Fred W. Schwinn, Esq.
    Attorney for Plaintiff
    REFUGIO PINEDO HUIZAR

-8-
COMPLAINT

**CERTIFICATION PURSUANT TO CIVIL L.R. 3-16**

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, REFUGIO PINEDO HUIZAR, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

PO Box 61247
DEPT 64
Virginia Beach VA 23466

# NCO FINANCIAL SYSTEMS INC

4740 Baxter Road
Virginia Beach VA 23462

1-888-579-0626
OFFICE HOURS (ALL TIMES EASTERN)
8AM-11PM MON THRU THURSDAY
8AM-9PM FRIDAY
8AM-6PM SATURDAY
10AM-9PM SUNDAY
Jan 24, 2007

NSV588          880-OSJ-500

REFUGIO P HUIZAR
913 TINSLEY ST APT D303
EAST PALO ALTO CA   94303-2593

Creditor: Capital One Bank
Account #: 5178052136439425
Total Balance: $ 1325.78

The above named creditor has placed this account with our office for collection. It is important that you forward payment in full.

Send payment in full directly to your creditor at the address listed below. If you need to speak to a representative, contact us at 1-888-579-0626.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office, in writing, within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Calls to or from this company may be monitored or recorded for quality assurance.

EXHIBIT
1

PLEASE SEE IMPORTANT INFORMATION ON REVERSE SIDE

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector.

PLEASE RETURN THIS PORTION WITH YOUR PAYMENT (MAKE SURE ADDRESS SHOWS THROUGH WINDOW)

---

0000000 0 5178052136439425 00 000000000000000000

| Total Balance: | $ 1325.78 |
|---|---|
| Total enclosed | $ |

Please print address changes below using blue or black ink

Street _____ Apt. #

City _____ State _____ ZIP

Home Phone _____ Alternate Phone _____

CAPITAL ONE BANK
PO Box 60024
City of Industry, CA  91716-0024

NSV588
REFUGIO P HUIZAR
913 TINSLEY ST APT D303
EAST PALO ALTO CA   94303-2593

NCO F8
500

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

# NCO FINANCIAL SYSTEMS INC

4740 Baxter Road
Virginia Beach VA 23462

1-888-579-0626
OFFICE HOURS (ALL TIMES EASTERN)
8AM-11PM MON THRU THURSDAY
8AM-9PM FRIDAY
8AM-6PM SATURDAY
10AM-9PM SUNDAY
Jan 24, 2007

NSV588    880-OSJ-500

REFUGIO P HUIZAR
913 TINSLEY ST APT D303
EAST PALO ALTO CA  94303-2593

Creditor: Capital One Bank
Account #: 5178052136439425
Total Balance: $ 1325.78

The above named creditor has placed this account with our office for collection. It is important that you forward payment in full.

Send payment in full directly to your creditor at the address listed below. If you need to speak to a representative, contact us at 1-888-579-0626.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office, in writing, within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Calls to or from this company may be monitored or recorded for quality assurance.

PLEASE SEE IMPORTANT INFORMATION ON REVERSE SIDE

EXHIBIT 1

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector.

PLEASE RETURN THIS PORTION WITH YOUR PAYMENT (MAKE SURE ADDRESS SHOWS THROUGH WINDOW)

0000000 0 5178052136439425 00 0000000000000000000

Total Balance:  $ 1325.78

Total enclosed  $

Please print address changes below using blue or black ink

Street _____ Apt. #
City _____ State ____ ZIP
Home Phone _____ Alternate Phone _____

CAPITAL ONE BANK
PO Box 60024
City of Industry, CA  91716-0024

NSV588
REFUGIO P HUIZAR
913 TINSLEY ST APT D303
EAST PALO ALTO CA  94303-2593

NCO F8
500

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.