Debbie P. Kirkpatrick, Esq. (SBN 207112)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
3667 Voltaire Street
San Diego, CA  92106-1253
Tel:    619/758-1891
Fax:   619/222-3667
dpk@sessions-law.biz

Attorney for NCO Financial Systems, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| REFUGIO PINEDO HUIZAR, | Case No.  C08 00256 SI |
| Plaintiff, | ANSWER OF NCO FINANCIAL SYSTEMS, INC. TO COMPLAINT |
| vs. | |
| NCO FINANCIAL SYSTEMS, INC., a Pennsylvania corporation, | |
| Defendants | |

Defendant, NCO Financial Systems, Inc. (hereinafter "NCO"), for itself alone, responds to the complaint filed by plaintiff, REFUGIO PINEDO HUIZAR, as follows:

## I. INTRODUCTION

1.     NCO admits that plaintiff purports to seek redress for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code § 1788, *et seq.*, and the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") as alleged in ¶ 1 of

the Complaint, but denies violating the FDCPA, RFDCPA or TCPA and denies any

liability or wrongdoing under the law.

## II. JURISDICTION

2.      NCO denies the allegations contained in ¶ 2 and respectfully refers all

matters of jurisdiction to the Court.

3.      NCO admits plaintiff purports to bring this action for alleged violations of

the FDCPA, denies any and all violations and/or liability as alleged in ¶ 3 of the

Complaint.

## III. VENUE

4.      NCO admits the allegations contained in ¶ 4 for venue purposes only, and

specifically denies any liability or wrongdoing under the law.

## IV. INTRADISTRICT ASSIGNMENT

5.      NCO lacks sufficient information to answer the allegations contained in ¶ 5,

and based thereon denies the same.  NCO specifically denies any liability or wrongdoing

under the law.

## V.  PARTIES

6.      NCO lacks sufficient information to answer the allegations contained in ¶ 6,

and based thereon denies the same.

7.      NCO admits that when it acts as a debt collector as defined by 15 U.S.C. §

1692a(6) or Cal. Civil Code § 1788.2(c) its conduct may be governed by the applicable

provisions of those statutes.   NCO further admits it engages in the business of debt

collection and that its principal business is debt collection related services. NCO further

admits the address of its principal place of business and its agent for service of process is

as stated in ¶ 7 of the Complaint.  Except as expressly admitted, NCO denies the

remaining allegations contained in ¶ 7.

///

///

## VI.  FACTUAL ALLEGATIONS

8.    NCO lacks sufficient information to answer the allegations contained in ¶ 8, and based thereon denies the same.

9.     NCO admits its records reflect plaintiff's Capital One account was placed with NCO for collection on or about January 23, 2007.  Except as specifically admitted, NCO denies the remaining allegations contained in ¶ 9.

10.    NCO admits its records reflect a letter of the type attached to the Complaint as Exhibit 1 was sent to plaintiff on or about January 24, 2007.  NCO avers the original of such correspondence is the best evidence of its contents.  Except as specifically admitted, NCO denies the remaining allegations contained in ¶ 10.

11.    NCO admits its records reflect a letter of the type attached to the Complaint as Exhibit 1 was sent to plaintiff on or about January 24, 2007.  NCO avers the original of such correspondence is the best evidence of its contents.  Except as specifically admitted, NCO denies the remaining allegations contained in ¶ 11.

12.    NCO admits the allegations contained in ¶ 12 and avers the original of such correspondence is the best evidence of its contents.

13.    NCO admits the allegations contained in ¶ 13.

14.    NCO admits its records reflect telephone calls were made by NCO to the telephone number Capital One provided to NCO.  Except as specifically admitted, NCO denies the remaining allegations contained in ¶ 14.

15.    NCO admits its records reflect telephone calls were made by NCO to the telephone number Capital One provided to NCO.  Except as specifically admitted, NCO lacks sufficient information to answer the remaining allegations contained in ¶ 15 and based thereon denies the same.

16.    NCO admits its records reflect that a telephone call was made to plaintiff on or about March 16, 2007.  Except as specifically admitted, NCO lacks sufficient information to answer the remaining allegations contained in ¶ 16 of the Complaint and

based thereon denies the same.  To the extent an admissible recording exits, said recording is the best evidence of its content.

17.     NCO admits its records reflect that a telephone call was made to plaintiff on or about March 19, 2007.  Except as specifically admitted, NCO lacks sufficient information to answer the remaining allegations contained in ¶ 17 of the Complaint and based thereon denies the same.  To the extent an admissible recording exits, said recording is the best evidence of its content.

18.     NCO admits its records reflect that a telephone call was made to plaintiff on or about March 20, 2007.  Except as specifically admitted, NCO lacks sufficient information to answer the remaining allegations contained in ¶ 18 of the Complaint and based thereon denies the same.  To the extent an admissible recording exits, said recording is the best evidence of its content.

19.     NCO denies the allegations contained in ¶ 19 of the Complaint.

20.      NCO denies the allegations contained in ¶ 20 of the Complaint.

21.      NCO denies the allegations contained in ¶ 21 of the Complaint.

22.     NCO denies the allegations contained in ¶ 22 of the Complaint.

23.     NCO denies the allegations contained in ¶ 23 of the Complaint.

## VII. CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

24.     NCO admits that plaintiff brings his first claim under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, but NCO denies violating the FDCPA and denies any liability or wrongdoing under the law.

25.     NCO incorporates its responses above, to paragraphs 1 through 22, as though fully set forth herein.

26.     NCO lacks sufficient information to answer the allegations contained in ¶ 26, and based thereon denies the same.

27.    NCO admits that when it acts as a debt collector as defined by 15 U.S.C. § 1692a(6), its conduct may be governed by the applicable provisions of that statute. Except as specifically admitted, NCO denies the remaining allegations contained in ¶ 27.

28.    NCO lacks sufficient information to answer the allegations contained in ¶ 28, and based thereon denies the same.

29.    NCO denies the allegations contained in ¶ 29 of the Complaint, including subparagraphs a. and b.

30.    NCO denies the allegations contained in ¶ 30 of the Complaint.

31.    NCO denies the allegations contained in ¶ 31 of the Complaint and further specifically denies plaintiff is entitled to damages in any amount whatsoever.

**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

32.    NCO admits that plaintiff brings his second claim under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33, but NCO denies violating the RFDCPA and denies any liability or wrongdoing under the law.

33.    NCO incorporates its responses, above, to paragraphs 1 through 30, as though fully set forth herein.

34.    NCO lacks sufficient information to answer the allegations contained in ¶ 34, and based thereon denies the same.

35.    NCO admits that when it acts as a debt collector as defined by Cal. Civil Code § 1788.2(c), its conduct may be governed by the applicable provisions of that statute.  Except as specifically admitted, NCO denies the remaining allegations contained in ¶ 35.

36.    NCO lacks sufficient information to answer the allegations contained in ¶ 36, and based thereon denies the same.

37.    NCO denies the allegations contained in ¶ 37 of the Complaint, including subparagraphs a. and b.

38.    NCO denies the allegations contained in ¶ 38 of the Complaint.

39.     NCO denies the allegations contained in ¶ 39 of the Complaint and further specifically denies plaintiff is entitled to damages in any amount whatsoever.

40.     NCO denies the allegations contained in ¶ 40 of the Complaint and further specifically denies plaintiff is entitled to damages in any amount whatsoever.

41.     NCO denies the allegations contained in ¶ 41 of the Complaint and further specifically denies plaintiff is entitled to damages in any amount whatsoever.

42.     NCO avers that the statute cited in ¶42 of the Complaint speaks for itself and therefore no response from NCO appears to be required, and refers all matters of law to the court.

**TELEPHONE CONSUMER PROTECTION ACT**

43.     NCO admits that plaintiff brings his second claim under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, but NCO denies violating the TCPA and denies any liability or wrongdoing under the law.

44.     NCO incorporates its responses, above, to paragraphs 1 through 41, as though fully set forth herein.

45.     NCO denies the allegations contained in ¶ 45 of the Complaint.

46.     NCO denies the allegations contained in ¶ 46 of the Complaint.

47.     NCO denies the allegations contained in ¶ 47 of the Complaint.

48.     NCO denies the allegations contained in ¶ 48 of the Complaint and further specifically denies plaintiff is entitled to damages in any amount whatsoever.

49.     NCO denies the allegations contained in ¶ 49 of the Complaint and further specifically denies plaintiff is entitled to damages in any amount whatsoever.

50.     NCO denies the allegations contained in ¶ 50 of the Complaint and further specifically denies plaintiff is entitled to damages in any amount whatsoever.

///

///

///

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

NCO alleges plaintiff's Complaint should be dismissed because the various causes of action fail to state claims upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

NCO alleges, pursuant to 15 U.S.C. § 1692k(c), to the extent that a violation(s) is established, any such violation(s) was not intentional and resulted from a bona fide error notwithstanding maintenance of procedures reasonably adapted to avoid any such error.

### THIRD AFFIRMATIVE DEFENSE

NCO alleges, pursuant to California Civil Code § 1788.30(e),, to the extent that a violation(s) is established, any such violation(s) was not intentional and resulted from a bona fide error notwithstanding maintenance of procedures reasonably adapted to avoid any such error.

### FOURTH AFFIRMATIVE DEFENSE

Any harm suffered by plaintiff was legally and proximately caused by persons, individuals, corporations, or entities beyond the control or supervision of NCO, or for whom NCO is not responsible or liable.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to assert the claims asserted and/or has no right of action for the claims asserted.

WHEREFORE, NCO respectfully requests that:

1.   Plaintiff take nothing by way of his Complaint;

2.   Judgment of dismissal be entered in favor of NCO;

3.   NCO be awarded costs and attorney's fees it has incurred in defending this lawsuit.

///

4.      NCO be granted such other and further relief as the Court deems just and proper.

Dated: 2/25/08                        SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.


                                      /s/ Debbie P. Kirkpatrick
                                      Debbie P. Kirkpatrick
                                      Attorney for Defendant
                                      NCO Financial Systems, Inc.